RESALE PROPERTY FUND — TAX REFUNDS Refunds for taxes erroneously or illegally collected are to be paid from the Resale-Property Fund, provided the claim for such refund is less than three (3) years old. If a valid tax refund claim is more than three years old, the payment is to be made from appropriation from the general fund of the county in compliance with the provisions of 68 O.S. 24341 [68-24341](c) (1971). The Attorney General has received your request for an opinion in which you asked the following two questions: 1. Where taxes have been erroneously collected by the county treasurer and apportioned in the manner prescribed by law, may said taxes be refunded to the taxpayer as authorized under the provisions of 19 O.S. 691 [19-691] and 19 O.S. 692 [19-692] (1971), from current tax collections? 2. In the event taxes now being collected (current taxes) are insufficient to make said refunds, may the same be refunded to the taxpayer under the provisions of the Resale Property Fund as set forth in 68 O.S. 24341 [68-24341] (1971)? In response to your questions, the pertinent provisions of 19 O.S. 691 [19-691], 19 O.S. 692 [19-692] and 19 O.S. 693 [19-693] (1971) are most relevant to this discussion. Section 691 provides as follows: "All money collected through error by the County Treasurer, and all other funds of whatsoever kind that shall come into his possession by virtue of office, except such as is required to be disbursed on warrant, bond, interest, coupon or depository voucher, shall be refunded or paid out as the case may be, only on voucher issued by the County Clerk. No County Treasurer shall, after having filed with the County Clerk any report of collections, make any refund of any part thereof, except in the manner as herein provided." Section 692 is as follows: "All claims for money, subject to refund or disbursement as in this Act provided, shall be filed with the County Clerk, who is hereby authorized to audit the same, and to issue his voucher for such amounts thereof as he may find to be due the respective claimants." Section 693 is as follows: "For the purpose of carrying into effect the provisions of this Act, and for its proper administration, the State Examiner and Inspector is hereby empowered to promulgate and enforce such rules and regulations as may be necessary but not inconsistent herewith, and he shall prescribe the forms of all claims, vouchers and other accounting stationery required under the provisions hereof." A plain reading of the above statutes indicates that they concern only the procedure which the county clerk and county treasurer are to follow in implementing the refund of taxes erroneously or illegally collected. Part of the prescribed procedure authorizes the State Examiner and Inspector to promulgate rules to implement the accomplishment of the refund. However, said statutes do not purport to provide the source from which the tax refund must be paid. There is no provision for the creation of a special fund nor is there a provision which authorizes the State Examiner and Inspector to promulgate a rule allowing county treasurers to pay the refunds out of current tax collections. It is clear that in order to determine the source from which the refunds are to come, other sections of the statutes must be considered. "The Resale-Property Fund herein created for each county is hereby declared to be a continuous fund, not subject to fiscal year limitations, and is hereby dedicated, insofar as may be necessary, to the enforcement of the tax laws of the State, and is authorized to be expended for the following purposes: "4. For all rebates allowed under authority of statute by the Board of County Commissioners or the Tax Roll Correction Board of the county upon taxes found to have been illegally or erroneously collected, . . . . . "(c) The expenditures so made shall be made only upon sworn itemized claims approved by the County Treasurer and filed with the County Clerk and paid by cash voucher drawn by the County Clerk payable from said Fund . . . If any such claim has not been paid within three (3) years, the same shall cease to be an obligation of the Resale-Property Fund of such county; but nothing in this Article shall operate to prevent the payment for such services from an appropriation for such purpose in the general fund of the county in the manner and under the restrictions provided by law." It is clear from the above provisions of Section 68 O.S. 24341 [68-24341] that the Resale-Property Fund is the proper source from which taxes erroneously or illegally collected are to be repaid, the only limitation thereon is the non-payment of a claim for such refund within three (3) years, as provided in 68 O.S. 24341 [68-24341](c) (1971). A similar result was reached in Attorney General Opinion No. 69-236 and 72-109 in which it was decided that all rebates allowed under authority of statute by the Board of County Commissioners or the Tax Roll Corrections Board of a county are taxes found to have been illegally or erroneously collected are to be paid out of the Resale-Property Fund. It is, therefore, the opinion of the Attorney General that your first question should be answered in the negative. Refunds for taxes erroneously or illegally collected are to be paid from the Resale-Property Fund, provided the claim for such refund is less than three (3) years old. If a valid tax refund claim is more than three years old, the payment is to be made from an appropriation from the general fund of the county in compliance with the provisions of 68 O.S. 24341 [68-24341](c) (1971). The above response to your first question makes any additional reply to your second question unnecessary. (Marvin C. Emerson)